IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

COALITION FOR WORKFORCE INNOVATION; ASSOCIATED BUILDERS AND CONTRACTORS OF SOUTHEAST TEXAS; ASSOCIATED BUILDERS AND CONTRACTORS, INCORPORATED; and FINANCIAL SERVICES INSTITUTE, INCORPORATED,

Plaintiffs-Appellees,

v.

MARTY J. WALSH, in his official capacity as Secretary of Labor, United States Department of Labor; JESSICA LOOMAN, in her official capacity as Principal Deputy Administrator, Division of Wage and Hour; and UNITED STATES DEPARTMENT OF LABOR,

Defendants-Appellants.

No. 22-40316

**DEFENDANTS-APPELLANTS' STATUS REPORT AND UNOPPOSED MOTION TO FURTHER STAY PROCEEDINGS**

Pursuant to Federal Rule of Appellate Procedure 27, Defendants-Appellants (collectively, the government) respectfully request that this Court continue to stay further proceedings in this matter for an

additional 120-day period, with status reports due at 60-day intervals. This motion is unopposed.

**1.** Plaintiffs challenge two rules issued by the Department of Labor that first delayed and then withdrew a previously issued rule.

At the end of the last administration, the Department of Labor issued a rule that addressed the analysis used in determining whether a worker is an employee or an independent contractor under the Fair Labor Standards Act (FLSA). 86 Fed. Reg. 1168 (Jan. 7, 2021) (the Independent Contractor Rule). After the change in administration, the Department first delayed and then withdrew the Independent Contractor Rule. *See* 86 Fed. Reg. 12535 (Mar. 4, 2021) (the Delay Rule); 86 Fed. Reg. 24303 (May 6, 2021) (the Withdrawal Rule).

The district court vacated the Delay Rule and the Withdrawal Rule. *See Coal. for Workforce Innovation v. Walsh*, No. 1:21-cv-130, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022) (ECF No. 32).

**2.** After filing this appeal on May 13, 2022, the Department of Labor then announced that it intends to issue a new rule that will address the matter at issue in this appeal. *See* Jessica Looman, *Misclassification of Employees as Independent Contractors Under the*

*Fair Labor Standards Act* (June 3, 2022), https://blog.dol.gov/2022/06/03/misclassification-of-employees-as-independent-contractors-under-the-fair-labor-standards-act. In order to avoid an unnecessary expenditure of resources by the parties and the Court, the government sought to stay further proceedings in this matter pending completion of the new rulemaking proceedings.

**3.** On June 10, 2022, this Court granted in relevant part the government's first unopposed motion. The Court required the government to submit status reports at 60-day intervals. Order (June 10, 2022). The Court further provided that the stay would conclude in 180 days. *Id.* At the conclusion of that first 180-day period, the government again sought and obtained a second 180-day stay of further proceedings, with status reports due at 60-day intervals. Order (Dec. 12, 2022). At the conclusion of that second 180-day period, the government sought and obtained a third stay of further proceedings, this time for a 120-day period, with status reports due at 60-day intervals. Order (June 9, 2023).

**4.** During the time in which this matter has been stayed, as reflected in previous status reports, the Department has published a

new proposed rule in the Federal Register. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 87 Fed. Reg. 62,218 (Oct. 13, 2022), *available at* https://www.govinfo.gov/content/pkg/FR-2022-10-13/pdf/2022-21454.pdf. The period for submitting written comments on the proposed rule closed on December 13, 2022. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act; Extension of Comment Period*, 87 Fed. Reg. 64,749 (Oct. 26, 2022), *available at* https://www.govinfo.gov/content/pkg/FR-2022-10-26/pdf/2022-23314.pdf. The Department received approximately 54,000 comments from the public on the proposed new rule. *See Rulemaking Docket: Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, https://www.regulations.gov/docket/WHD-2022-0003/comments (last visited June 8, 2023).

**5.** On September 28, 2023, the Department submitted a draft final rule for review by the Office of Information and Regulatory Affairs, an entity within the Office of Management and Budget, pursuant to the procedures for regulatory review established by Executive Order 12,866. *See* Office of Inf. & Reg. Affairs, *Pending EO 12866 Regulatory Review*,

RIN 1235-AA43 (September 28, 2023),

https://www.reginfo.gov/public/do/eoDetails?rrid=337262. Once that internal review is completed, the Department intends to publish a final rule in the Federal Register.

Issuance of a final rule should make it unnecessary to pursue this appeal. In order to continue to avoid an unnecessary expenditure of resources by the parties and the Court, the government moves to continue to stay further proceedings in this matter pending the completion of the rulemaking proceedings, with status reports due at 60-day intervals. The government respectfully requests an additional 120-day period.

**6.** Counsel for plaintiffs have informed us that plaintiffs do not oppose this motion.

Respectfully submitted,

ALISA B. KLEIN
 */s/ Joseph F. Busa*
JOSEPH F. BUSA
  *Attorneys, Appellate Staff,*
  *Civil Division,*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Washington, DC  20530*
  *(202) 305-1754*
  *Joseph.F.Busa@usdoj.gov*

SEPTEMBER 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion complies with the requirements of Fifth Circuit Local Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 671 words, according to the count of Microsoft Word.

/s/ *Joseph F. Busa*
JOSEPH F. BUSA
Counsel for Defendants-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the foregoing with the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Joseph F. Busa*
JOSEPH F. BUSA
Counsel for Defendants-Appellants