**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| **COALITION FOR WORKFORCE INNOVATION**, *et al.*, ) ) ) | |
| **Plaintiffs-Appellees,** ) ) | **Case No. 22-40316** |
| **vs.** ) ) | |
| **JULIE SU**, *et al.*, ) ) | |
| **Defendants-Appellants,** ) | |

## PLAINTIFFS-APPELLEES' MOTION TO LIFT STAY AND REMAND CASE FOR FURTHER PROCEEDINGS

Plaintiffs-Appellees the Coalition for Workforce Innovation ("CWI"), Associated Builders and Contractors of Southeast Texas, Inc. ("ABCST"), Associated Builders and Contractors, Inc. ("ABCN"), and the Financial Services Institute, Inc. ("FSI") (collectively the "Associations") hereby move to lift the stay in this case and remand the case to the United States District Court for the Eastern District of Texas, Beaumont Division ("District Court") for further proceedings. Specifically, the Associations move for remand so that the District Court, consistent with Supreme Court and other precedent, may consider whether the Department of Labor's (the "Department's") final rule titled "Employee or Independent Contractor Classification Under the Fair Labor Standards Act" ("2024 Rule"), 89 Fed. Reg. 1,638 (January 10, 2024), complies with the Administrative Procedure Act ("APA")

in rescinding and replacing the current final rule titled "Independent Contractor Status Under the Fair Labor Standards Act" ("2021 Independent Contractor Rule"), 86 Fed. Reg. 1,168 (Jan. 7, 2021). The 2024 Rule is scheduled to take effect on March 11, 2024.[1]

### PLAINTIFFS-APPELLEES' CERTIFICATE OF INTERESTED PARTIES

Pursuant to FRAP 26.1 and 5TH CIR. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case: **The Coalition for Workforce Innovation (CWI); Associated Builders and Contractors (ABC); Associated Builders and Contractors of Southeast Texas (ABCSETX); and Financial Services Institute (FSI).** Each of the above listed entities is a non-profit corporation that offers no stock; and there is no parent corporation that owns 10 percent or more of any entity's stock.

Opposing counsel in the case are: Alisa B. Klein, Joseph F. Busa, Appellate Staff Attorneys U.S. Department of Justice, 950 Pennsylvania Ave., Washington, D.C. 20530, (202) 353-0261.

*/s/Maurice Baskin*

Attorney for Plaintiffs-Appellees

---

[1] Counsel for the Associations have conferred with counsel for Defendants-Appellants, who have stated they oppose the motion.

## GROUNDS FOR THE MOTION

I.   **Regulatory Changes Governing Independent Contractor Status Under the FLSA Leading Up To This Appeal**

On January 7, 2021, the Department issued the 2021 Independent Contractor Rule, which amended title 29 of the Code of Federal Regulations by adding a new part 795, setting forth and clarifying the standards by which the Department deems workers to be statutory "employees" or "independent contractors" under the Fair Labor Standards Act ("FLSA"). *See generally* 86 Fed. Reg. 1,168.

On February 5, 2021, the Department proposed to delay the effective date of the 2021 Independent Contractor Rule until May 7, 2021 (the "Delay Rule"). 86 Fed. Reg. 8,326. On March 4, 2021, after an unlawfully abbreviated comment period, the Department published the final Delay Rule, which stated that "[a]s of March 4, 2021, the effective date of the Independent Contractor Rule ... is delayed until May 7, 2021." 86 Fed. Reg. 12,535.

On March 12, 2021, within eight days after purporting to extend the effective date of the 2021 Independent Contractor Rule, the Department published a proposed "withdrawal" of the 2021 Independent Contractor Rule (the "Withdrawal Rule"). 86 Fed. Reg. 14,027. On May 6, 2021, the Department issued the final Withdrawal Rule after concluding that the Department had "good cause to make this rule effective immediately upon publication." 86 Fed. Reg. 24,303, 24,320.

3

The Associations initiated this action in the District Court for the Eastern District of Texas, challenging both the Delay Rule and the Withdrawal Rule as violating the APA. *See Coalition for Workforce Innovation v. Walsh*, 2022 U.S. Dist. LEXIS 68401, at *5-6 (E.D. Tex. Mar. 14, 2022) [hereinafter *CWI*]. The District Court subsequently held that the Department indeed violated the APA in issuing the Delay Rule, *see id.* at *24-30, and the Withdrawal Rule, *see id.* at *31-49. Specifically, the District Court faulted the Department for failing to consider "the lack of clarity of the economic realities test and the need for regulatory certainty" when it withdrew the 2021 Independent Contractor Rule. *See id.* at *46. As a remedy, the District Court vacated the Delay Rule and the Withdrawal Rule and concluded that the 2021 Independent Contractor Rule went into effect March 8, 2021 and remained in effect thereafter. *See id.* at *49.

The Department appealed to this Court on May 16, 2022. Subsequently, on October 13, 2022, the Department issued a new Notice of Proposed Rulemaking ("NPRM") entitled "Employee or Independent Contractor Classification Under the Fair Labor Standards Act," 87 Fed. Reg. 62,218. In the proposed rule, the Department announced its renewed intent to withdraw the existing independent contractor rule, while purporting to comply with the District Court's order to properly justify such a withdrawal.

On June 10, 2022, this Court granted in part the Department's unopposed

motion to stay proceedings in this case pending the completion of rulemaking, staying proceedings for 180 days. (*See* ECF No. 27, Order Dated June 10, 2022). On December 12, 2022, this Court again stayed proceedings for 180 days pending the completion of rulemaking, following another unopposed motion from the Department. (*See* ECF No. 37, Order Dated Dec. 12, 2022). On June 9, 2023, this Court further stayed proceedings for an additional 120 days (*see* ECF No. 43, Order Dated June 9, 2023), and again did so on October 9, 2023 (*See* ECF No. 57, Order Dated October 9, 2023).

II.    **The 2024 Rule**

On January 10, 2024, the Department published the final 2024 Rule in the *Federal Register,* with an effective date of March 11, 2024. Like the Withdrawal Rule that the District Court invalidated, currently before this Court, the 2024 Rule purports to rescind the 2021 Independent Contractor Rule—and for essentially the same reasons that the District Court found to be insufficient. *See* 89 Fed. Reg. 1,639. Just as in the Withdrawal Rule, the Department's 2024 Rule has again "concluded that the [2021] Independent Contractor Rule did not provide clarity to the economic realities test." *CWI*, 2022 U.S. Dist. LEXIS 68401, at *44; Indeed, the Department has acknowledged in the 2024 Rule that its claimed justification for this action overlaps with the previous Withdrawal Rule, using the same reasoning which was declared invalid by the District Court. *Id., compare CWI,* at *44 with 89 Fed. Reg.

at 1,654.

In place of the 2021 Independent Contractor Rule, the 2024 Rule sets forth "tools or guides" as to how, in the Department's view, the "economic realities" test for independent contractor status under the FLSA should be applied. 89 Fed. Reg. 1,742 (§ 795.110(a)(1)). The 2024 Rule largely mirrors that which the Department proposed in October 2022: it adopts a multi-factor test for determining employee or independent contractor status, with no single factor given particular weight or relevance.

In contrast to the clarity provided by the 2021 Independent Contractor Rule, the Final Rule adopts a standard that is so vague, amorphous, and context-dependent, it provides virtually no certainty or assurance that any given worker is classified correctly as an employee or contractor. This blurring of the test defeats the Department's own stated purpose for adopting the 2024 Rule, which was ostensibly to avoid the "confusing and disruptive effect on workers and businesses alike," 89 Fed. Reg. 1,639, which it claims the 2021 Independent Contractor Rule engendered and which "would have complicated rather than simplified the analysis." 89 Fed. Reg. 1,654. In addition, the 2024 Rule arbitrarily contradicts numerous studies showing that independent workers overwhelmingly prefer remaining independent and do not want to be treated as "employees," where the law does not require such treatment. The 2024 Rule overall improperly treats independent contractor status as

disfavored and harmful to workers, contrary to longstanding Department policy under the FLSA, all in violation of the APA. *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 41-43 (1983), relied on by the District Court in *CWI*, 2022 U.S. Dist. LEXIS 68401.

Equally significant is what the 2024 Rule *fails* to do. Foremost, it does not "address the inconsistencies and lack of coherence in the manner in which the economic realities test was applied across the country prior to the [2021] Independent Contractor Rule"—a fact the District Court highlighted in concluding that the previous withdrawal of the 2021 Independent Contractor Rule was arbitrary and capricious. *CWI*, 2022 U.S. Dist. LEXIS 68401, at *47. Indeed, the 2024 Rule purports to expressly *restore* the Department's "decades-long approach" which led to these inconsistencies and lack of coherence in the first place. 89 Fed. Reg. 1,640.

Likewise, the 2024 Rule does not—and cannot—refute the analysis of appellate decisions cited in the 2021 Independent Contractor Rule, which demonstrated conclusively that in cases where courts applying the economic realities test determined that the "control" factor and "opportunity for profit and loss" factor both aligned in favor of a certain classification, that classification was the one the court found to be correct. Finally, the 2024 Rule fails to provide any meaningful analysis of alternatives to wholly replacing the 2021 Independent Contractor Rule, as called for by the District Court. It instead relies on "analysis" of alternatives such

as the so-called "ABC Test" which it concedes *ab initio* are not legally permissible. At the same time, the new Rule summarily rejects the possibility of modifying the 2021 Independent Contractor Rule or supplementing it with sub-regulatory guidance.

III.   **The Court Should Expeditiously Remand This Case to the District Court to Consider Whether the 2024 Rule Complies with the APA in Rescinding the 2021 Independent Contractor Rule**

When an agency rescinds a prior rule without complying with the APA, and then tries a second time to rescind the same prior rule, remand to the district court is appropriate to determine whether the second attempt at rescission complies with the APA. *See Biden*, 142 S. Ct. at 2548; *see also Newton-Nations v. Betlach*, 660 F.3d 370, 383 (9th Cir. 2011) (after new agency actions, "remand[ing] this issue to the district court for a determination of whether there is an ongoing basis for this claim").

The Supreme Court's decision in *Biden* is instructive here, given the similarity of the procedural posture of that case and this case. In *Biden*, two states challenged a memorandum that the Department of Homeland Security ("DHS") issued to discontinue a program of the previous administration. *See* 142 S. Ct. at 2534, 2536. The District Court for the Northern District of Texas concluded that DHS violated the APA through its memorandum discontinuing the program, and DHS appealed to this Court. *See id.* at 2536-37. While DHS's appeal of the District Court's decision was pending, DHS issued a new memorandum discontinuing the program. *See id.* at

2537. The Supreme Court held that this new memorandum, while reaching the same conclusion as the prior memorandum, did not merely elaborate on the reasons contained in that earlier document, but rather "dealt with the problem afresh." *Id.* at 2544. As a result, the Court held that the superseding memorandum was a final agency action properly reviewable under the APA. *See id.* at 2545. The Court did not order dismissal of the pending appeal, but rather "remand[ed] the case for further proceedings," and held that "[o]n remand, the District Court should consider in the first instance whether the [new] memorandum [discontinuing the program] compl[ied] with section 706 of the APA." *See id.* at 2548. Subsequently, this Court followed the Supreme Court's instruction and remanded the case to the District Court, which found that DHS's second effort to rescind its previous immigration policy again violated the APA and was properly stayed. *Texas v. Biden*, 646 F. Supp. 3d 753, 771-72 (N.D. Tex. 2022).

The decision in *Biden* applied longstanding principles of judicial review. In prior cases involving mid-litigation "change in the legal framework governing the case," where "the plaintiff may have some residual claim under the new framework that was understandably not asserted previously," the Supreme Court has repeatedly stated that the best practice is to "remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully." *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526

(2020) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 482 (1990)). Similarly, this Court has recognized that a government defendant's action "will not moot the case if the 'government repeals the challenged action and replaces it with something substantially similar'" that does not eliminate the gravamen of the complaint. *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374 (5th Cir. 2022); *see also Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 286 (5th Cir. 2012) (holding that a city's repeal of a challenged ordinance did not moot the case because it repeated the same injury as the old ordinance).

Here, the Department has acted in a manner remarkably similar to the government in *Biden* and other prior cases, and the same judicial procedure should apply. Having been found by the District Court to have violated the APA in attempting to withdraw the 2021 Independent Contractor Rule, *see CWI*, 2022 U.S. Dist. LEXIS 68401, at *3-5, *49, the Department has issued a new proposal which purports to accomplish the same objective. Under the Supreme Court's holding in *Biden*, the case should be remanded to the District Court for that court to consider on remand whether the Department's new rule complies with the APA and FLSA. In light of the effective date of the 2024 Rule scheduled by the Department for March 11, 2024, the Court is requested to act expeditiously.

**<u>CONCLUSION</u>**

This Court should lift the stay in this matter and remand this matter for further proceedings to the District Court, with instructions for the District Court to determine whether the Department acted lawfully in withdrawing the 2021 Rule and promulgating the 2024 Rule in its place.

Respectfully submitted,

*/s/ Maurice Baskin*

Maurice Baskin
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 202-772-2526
mbaskin@littler.com

*ATTORNEY FOR PLAINTIFFS-
APPELLEES*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 2299 words.

*/s/ Maurice Baskin*

Maurice Baskin
Littler Mendelson, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
202-772-2526
mbaskin@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2024, I electronically filed a true and correct copy of the foregoing using the CM/ECF system, thereby sending notification of such filing to all counsel of record.

*/s/Maurice Baskin*