IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

COALITION FOR WORKFORCE
INNOVATION; ASSOCIATED
BUILDERS AND CONTRACTORS OF
SOUTHEAST TEXAS; ASSOCIATED
BUILDERS AND CONTRACTORS,
INCORPORATED; and FINANCIAL
SERVICES INSTITUTE,
INCORPORATED,

          Plaintiffs-Appellees,

    v.

MARTY J. WALSH, in his official
capacity as Secretary of Labor, United
States Department of Labor; JESSICA
LOOMAN, in her official capacity as
Principal Deputy Administrator, Division
of Wage and Hour; and UNITED
STATES DEPARTMENT OF LABOR,

          Defendants-Appellants.[*]

No. 22-40316

**OPPOSED MOTION FOR *MUNSINGWEAR* VACATUR OF THE
DISTRICT COURT'S FINAL JUDGMENT**

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the caption should be amended to substitute Julie A. Su, in her official capacity as Acting Secretary of Labor, for Marty J. Walsh, and to indicate that Jessica Looman now holds the title of Administrator of the Division of Wage and Hour.

This appeal has been held in abeyance pending the completion of rulemaking proceedings by the Department of Labor. The final rule was published on January 10, 2024. Yesterday, plaintiffs moved to remand this case to the district court to address new claims plaintiffs seek to bring against the new rule. The government opposes that motion, and the response in opposition is forthcoming. Independent of the resolution of that motion, the government respectfully moves for this Court to vacate as moot the district court's final judgment in this case pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

## STATEMENT

At the end of the last administration, the Department of Labor published a rule that addressed the analysis used in determining whether a worker is an employee or an independent contractor under the Fair Labor Standards Act. *See* 86 Fed. Reg. 1168 (Jan. 7, 2021). After the change in administration, the Department published rules first delaying and then withdrawing that independent contractor rule. *See* 86 Fed. Reg. 12535 (Mar. 4, 2021); 86 Fed. Reg. 24303 (May 6, 2021).

On cross-motions for summary judgment, the district court held that the delay and withdrawal rules violated certain provisions of the Administrative Procedure Act, vacated the delay and withdrawal rules, and concluded that the prior independent contractor rule in fact took effect on that rule's original effective date. *See Coal. for Workforce Innovation v. Walsh*, No. 1:21-cv-130, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022) (ECF No. 32). The government appealed, and at the government's request, which plaintiffs-appellees did not oppose, this Court put the appeal in abeyance pending the completion of a new rulemaking on the same subject as the prior independent contractor rule. *See* Order (5th Cir. June 10, 2022) (granting abeyance); Order (5th Cir. Dec. 12, 2022) (continuing the abeyance); Order (5th Cir. June 9, 2023) (same); Order (5th Cir. Oct. 9, 2023) (same).

On January 10, 2024, the Department of Labor published a new final rule that superseded the prior independent contractor rule. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 89 Fed. Reg. 1638 (Jan. 10, 2024), *available at* https://www.govinfo.gov/content/pkg/FR-2024-01-10/pdf/2024-00067.pdf.

# ARGUMENT

The publication of the new final rule on January 10, 2024, rendered moot the question whether the prior independent contractor rule was properly delayed and withdrawn.  Accordingly, pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950), this Court should vacate the district court's final judgment as moot.

**1.**  The Supreme Court recently explained that its "*Munsingwear* practice is well settled," and the Court explicitly declined an "invitation to reconsider it."  *Acheson Hotels, LLC v. Laufer*, 144 S. Ct. 18, 22 (2023).  Under *Munsingwear*, the "established practice" of the Supreme Court and the courts of appeals, in "dealing with a civil case from a court in the federal system which has become moot" during appellate proceedings, is to "reverse or vacate the judgment below and remand with a direction to dismiss." *Munsingwear*, 340 U.S. at 39.  *Munsingwear* vacatur "prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences." *Id.* at 40-41.

While the question whether to vacate a lower court order after mootness is equitable and case-specific, *U.S. Bancorp Mortg. Co. v.*

*Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), vacatur is the "ordinary practice," *Alvarez v. Smith*, 558 U.S. 87, 94, 97 (2009), and "normal rule," *Camreta v. Greene*, 563 U.S. 692, 713 (2011).  Indeed, the Supreme Court has emphasized that "[w]here it appears upon appeal that the controversy has become entirely moot, it is the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss."  *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979) (emphasis in original) (quoting *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267 (1936)).

Accordingly, the Supreme Court remanded for *Munsingwear* vacatur when a "new warrant … replaced the original warrant" at issue in the litigation and thereby mooted the case during appellate proceedings in *United States v. Microsoft Corp.*, 138 S. Ct. 1186, 1188 (2018).  Likewise, the Supreme Court recently granted the government's opposed motions for *Munsingwear* vacatur in cases involving COVID-19 vaccination requirements that were rescinded during the pendency of appellate proceedings.  *See Biden v. Feds for Medical Freedom*, -- S. Ct. --, No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023); *Kendall v. Doster*, -- S. Ct. --, No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023).

5

**2.** *Munsingwear* vacatur is equally appropriate in this case. The publication of the new final rule renders moot the question whether the superseded rule had properly been delayed and withdrawn at an earlier stage. Furthermore, the balance of the equities tips decisively in favor of vacatur of the district court's judgment. The Department's new rule is not a "temporary" and "last-minute" action following an adverse decision by "a panel of this Court," or an action about which the government "failed to keep the courts updated" during the appeal, as in *Staley v. Harris County, Tex.*, 485 F.3d 305, 313 (5th Cir. 2007) (en banc). On the contrary, the government moved for abeyance shortly after filing this appeal and kept this Court and the parties apprised of developments in the rulemaking process through regular status reports. *See* Status Report (Aug. 9, 2022); Status Report (Oct. 11, 2022); Status Report (Feb. 10, 2023); Status Report (Apr. 11, 2023); Status Report (Aug. 8, 2023); Status Report (Dec. 8, 2023).

**3.** Plaintiffs' counsel has informed us that plaintiffs intend to file a response in opposition to this motion.

## CONCLUSION

Pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), this Court should vacate as moot the district court's final judgment.

Respectfully submitted,

ALISA B. KLEIN
 */s/ Joseph F. Busa*
JOSEPH F. BUSA
  *Attorneys, Appellate Staff,*
  *Civil Division,*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Washington, DC  20530*
  *(202) 305-1754*
  *Joseph.F.Busa@usdoj.gov*

JANUARY 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion complies with the requirements of Fifth Circuit Local Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 951 words, according to the count of Microsoft Word.

 */s/ Joseph F. Busa*
JOSEPH F. BUSA
Counsel for Defendants-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I electronically filed the foregoing with the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

 */s/ Joseph F. Busa*
JOSEPH F. BUSA
Counsel for Defendants-Appellants